UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| WAYLEN SHERMAN BLOCK,<br>Petitioner<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Respondent | 5:23-cv-5024<br><br>MEMORANDUM OPINION<br>AND ORDER |

Pending before the Court is Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. (Doc. 1). Petitioner alleges his Counsel was ineffective in pursuing his motion for compassionate relief submitted to Judge Jeffrey Viken. The motion was denied on February 27, 2023, (5:17-cr-50068, Doc. 125). Petitioner filed an appeal with the Eighth Circuit, which affirmed the District Court on March 30, 2023. (Id., Doc. 132). The court issued its mandate on April 24, 2023. (Id., Doc. 133). Meanwhile, Petitioner filed his § 2255 motion in this Court on April 17, 2023. The Court will address the details of the filings made in conjunction with the compassionate release motion to adequately address his current motion under § 2255.

**BACKGROUND**

Petitioner pleaded guilty to receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). He was sentenced to 240 months

1

imprisonment with ten years of supervised release. (Id., Doc. 81, 99). He filed a motion for compassionate release pursuant to the First Step Act, (id., Doc. 103), and pursuant to Amended Standing Order 20-06 adopted by the District of South Dakota, counsel from the Public Defender's Office was appointed to represent him.

Defense Counsel filed a lengthy supplement to Petitioner's pro se motion, in which she recounted in detail Petitioner's health problems. (Id., Doc. 115). Approximately 2,000 pages of documents were supplied by the Probation Office to support the inquiry into Petitioner's medical problems, (id., Docs. 105, 106), and Counsel discussed them in detail. Counsel's supplement addressed Petitioner's request for release or a reduction in sentence; the facilities in which he was incarcerated; statistics concerning the prevalence of covid in prisons; Petitioner's background; and Petitioner's health problems. (Id., Doc. 115). Counsel discussed Petitioner's kidney disease, (id., PgID 3852-54); his hypertension, (id., PgID 3854-55); his chorioretinopathy, (id., PgID 3855-56); his compromised immune system, (id., PgID 3847); his combined medical conditions, (id., PgID 3851); and existing prison conditions, (id., PgID 3842, 3856). She addressed the totality of the situation. (Id., PgID 3856, 3859). She explained the applicable legal standards, (id., PgID 3847-50), and presented both an argument for time served and a release plan, (id., PgID 3860-62). Counsel filed supplementary arguments and information as well. (Id., Doc. 119, 124).

The Government opposed release, (id., Doc. 118), and Defense Counsel replied to the Government's arguments. (Id., Doc. 119). The District Court issued its Order denying relief in which it discussed at length Petitioner's medical conditions as outlined by Defense Counsel, the Government's arguments that release should be denied, the standards governing compassionate release, and the sentencing factors set forth in 18 U.S.C. § 3553(a). (Id., Doc. 125). The court concluded Petitioner "poses a danger to the public and he is not eligible for compassionate release." (Id., PgID 4017). Shortly thereafter, the Eighth Circuit summarily affirmed the District Court, (id., Doc. 132), and issued its mandate. (Id., Doc. 133).

Petitioner filed his § 2255 motion after the Eighth Circuit's affirmance but before its mandate issued. (Doc. 1). Petitioner's requested relief reads as follows: "Acknowledge the torture and the constitutional violations and the failure to provide medical care." (Id., PgID 13). His motion alleges ineffective counsel by the Public Defender's office, writing, "They did not present the facts correctly to the courts and this resulted in the Eighth Circuit Court for the District of South Dakota denying my compassionate release (doc. 125) filed in action on February 27, 2023, and the UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT NO: 23-1599 summarily affirming on march 30, 2023." (Doc. 1-1, PgID 16). He challenges the district court as follows: "The court did not

3

acknowledge the torture the BOP officials administered to me and they did not acknowledge the failure to provide medical care." (Id.). He challenges the Government's filing opposing his release. (Id., PgID 19-21). Petitioner states he has filed a tort claim and *Bivens* claim in other federal courts. (Id.).

**LEGAL STANDARD**

1. 28 U.S.C. § 2255

In accordance with 28 U.S.C. § 2255, "[a] prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Id. § 2255(a). See *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019) (§ 2255 may provide relief for jurisdictional error, constitutional error, or error of law)). Petitioner has launched a collateral attack based on the denial of compassionate release.

2. Ineffective assistance of counsel

Ineffective assistance of counsel serves as the basis for Petitioner's § 2255 motion, thus invoking the two-part standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must establish that counsel's performance

4

was "deficient," meaning it "fell below an objective standard of reasonableness." *Id.* at 687-88. A mere assertion of ineffectiveness is insufficient. Rather the movant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* See also *Collins v. United States*, 28 F.4th 903, 906 (8th Cir. 2022). A petitioner has a second burden to address when alleging ineffective assistance of counsel. As *Strickland* held, the individual "must show that the deficient performance prejudiced the defense." 466 U.S. at 687. In practice, this means the individual must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Allen v. United States*, 854 F.3d 428, 432 (8th Cir. 2017) (quoting *Strickland*, 466 U.S. at 694). Strategic decisions are "virtually unchallengeable" unless they resulted from inadequate investigation. *Strickland*, 466 U.S. at 690. See also *Meza-Lopez v. United States*, 929 F.3d 1041, 1044-45 (8th Cir. 2019); *Chavez-Cruz v. United States*, 2018 WL 2383156, *2 (D. S.D. 2018); *Pippenger v. United States*, 2012 WL 3206244, *1 (D. S.D. 2012).

The Eighth Circuit has addressed whether an individual has a right to counsel in a proceeding pursuant to 18 U.S.C. § 3582(c), and declared, "there is no Sixth Amendment right to 'counsel in sentence modification proceedings under § 3582(c).'" *United States v. Meeks*, 971 F.3d 830, 833 (8th Cir. 2020) (citing

5

*United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009)). That rule has not changed in conjunction with the authorization for courts to deal with compassionate release in the context of the covid outbreak. See, e.g., *United States v. Washington*, 2022 WL 17637631, *1 (W.D. Mo. 2022) (defendant's "constitutional and statutory rights to assistance of counsel does not extend to postconviction proceedings beyond a direct appeal, including postconviction proceedings under 18 U.S.C. § 3582(c)"); *United States v. Farah*, 2022 WL 4585689, *2 (D. Minn. 2022) (same).

In light of the covid outbreak, the courts of the District of South Dakota determined it was appropriate to provide assistance to those filing for compassionate release, as reflected in Amended Standing Order 20-06 (as supplemented by Standing Order 23-02). The standing order did not purport to create a constitutional or statutory right to counsel in the context of compassionate release. Therefore, Petitioner does not have a constitutional or statutory right to counsel in connection with his motion for compassionate release, and in turn, does not have grounds to claim ineffective assistance of counsel in his motion for relief under 28 U.S.C. § 2255.

If such a right were recognized, Petitioner's claim of ineffective assistance of counsel would fail. As described in detail above, Defense Counsel presented well-researched and thoughtful arguments on Petitioner's behalf. She provided the

court substantial information about Petitioner's medical condition and the circumstances of his incarceration. Petitioner argues counsel should have argued that he was subject to "torture" by the Bureau of Prisons. Counsel made the strategic decision to argue about Petitioner's medical condition instead. Judge Viken's opinion reveals serious thought given to Petitioner's arguments in support of compassionate release. The court denied the motion, as it had the discretion to do. *United States v. McDonald*, 944 F.3d 769, 770 (8th Cir. 2019) (court is not required to reduce sentence). The Eighth Circuit had the entire record available for its review in reaching its decision to summarily affirm the district court. This includes Petitioner's claim in his motion for compassionate release that he was "tortured," meaning the court could have acted upon the claim if it so desired. (5:17-cr-50068, Doc. 103, PgID 1710).

**CERTIFICATE OF APPEALABILITY**

When the district court has denied a motion under 28 U.S.C. § 2255, the Petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). A "substantial showing" is made if "a court could resolve the issues

differently, or the issues deserve further proceedings." *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir.1997). Petitioner has not made a substantial showing of the denial of a constitutional right and the certificate of appealability will not issue.

**CONCLUSION**

Petitioner's claims are legally and factually unsupported. He had a full and fair airing of his arguments in support of his motion for compassionate release. He did not have a constitutional or statutory right to counsel in conjunction with his motion. If such a right had existed, Counsel's performance was reasonable and Petitioner suffered no prejudice.

Accordingly, IT IS ORDERED that Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied.

Dated this 21st day of June, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK